*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-167

APRIL TERM, 2012

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Grand Isle Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Matthew J. McGrath | } | DOCKET NO. 56-5-10 Gicr |

Trial Judge: Ben W. Joseph

In the above-entitled cause, the Clerk will enter:

Defendant appeals a jury conviction of driving under the influence of intoxicating liquor (DUI). On appeal, defendant argues that the trial court erred in denying his motion for acquittal because there was no corroborating evidence to support defendant's statement that he was driving while intoxicated. We affirm.

Defendant was charged with DUI following a single-car accident. At trial, the State presented the following evidence concerning the accident and the events occurring thereafter. Early in the morning on May 14, 2010, State Trooper Timothy Woch responded to a call reporting a single-car accident in South Hero. He arrived about 45 minutes after the call and met defendant, who was in a rescue vehicle being treated for injuries to his hands. The vehicle sustained damage after going through some mailboxes and was in a field.

Trooper Woch testified that defendant had bloodshot, watery eyes and that his speech was slurred. Defendant told the officer that he fell asleep and drove off the road. The officer suspected defendant was intoxicated and asked him to perform dexterity tests. Defendant failed the walk-and-turn exercise and the one-leg-stand test. Based on these results, Trooper Woch arrested defendant for DUI and transported defendant to the police station for further processing. Defendant told Trooper Woch that he had consumed one alcoholic drink, but Trooper Woch did not question defendant about when or where he consumed his first and last drink. During the transport to the police barracks, defendant was pleading with the officer to release him. After the officer refused, defendant became agitated and was yelling in the vehicle. According to the officer, defendant stated that he was a "high functioning alcoholic" and admitted he had been "driving under the influence."

At the police barracks, Trooper Woch read defendant his rights and defendant became very agitated that he had not been given a Miranda warning earlier. Due to defendant's behavior, Trooper Jeff Smith took over processing defendant. At trial, Trooper Smith testified that in his opinion defendant was intoxicated based on the odor of alcohol coming from defendant,

defendant's bloodshot and watery eyes, and his slurred speech and volatile behavior. After reading defendant the DUI form, defendant refused to submit to an evidentiary breath test. The jury viewed the video recording of the road-side testing and the processing at the police station.

At the close of the State's case, defendant moved for judgment of acquittal. He argued that although there was evidence to show defendant was intoxicated when police observed him at the side of the road, there was no evidence to indicate when the accident occurred or when defendant had consumed alcohol. Therefore, defendant claimed that the State failed to present evidence that defendant had been intoxicated while driving. The court denied the motion, concluding that there was sufficient circumstantial evidence to support that element of the offense. Defendant did not present any evidence, and the jury found him guilty.

On appeal, defendant argues that his confession of operating under the influence was insufficient to support the charge because under the corpus delicti rule there must be corroborating evidence of the crime. According to defendant, his own statement to police was the only evidence showing that he drove while intoxicated. He maintains that this evidence is insufficient under the corpus delicti rule, and that his conviction must therefore be reversed. Defendant argues that the issue was adequately preserved or, in the alternative, that there was plain error. The State contends that the corpus delicti issue was not preserved, and there was no plain error.

We do not reach the preservation issue because, even assuming that the issue was adequately preserved, we find no grounds for reversal. "At common law, corpus delicti means the body of the crime." State v. FitzGerald, 165 Vt. 343, 350 (1996). In the context of DUI, the body of the crime is that a vehicle was operated on a highway while the driver was intoxicated. 23 V.S.A. § 1201(a)(2). "The purpose of the corpus delicti rule is to foreclose the possibility of conviction based on false confession where, in fact, no crime has been committed." FitzGerald, 165 Vt. at 350. Thus, when the State's case is based on a confession, "the corpus delicti must be corroborated by independent evidence." Id. Such evidence "need not independently prove commission of the crime beyond a reasonable doubt, however; even slight corroboration may be sufficient." Id.

Here, there was adequate corroborating evidence to show that a DUI had been committed. The following evidence was introduced: defendant was involved in a single-car accident; defendant was the only individual found at the scene; defendant exhibited signs of intoxication following the accident including exuding an odor of alcohol, having bloodshot, watery eyes and slurred speech, and failing roadside tests; and two law enforcement officers expressed their opinion that defendant was intoxicated.[*] The evidence was sufficient to support

---

[*] The State also argues that defendant's refusal to submit to an evidentiary breath test can be used as evidence to corroborate his confession. See 23 V.S.A. § 1202(b) (providing right to refuse to take an evidentiary breath test, but allowing refusal to be introduced as evidence in criminal proceeding). Defendant challenges the use of his refusal as corroborating evidence, arguing that his refusal does not necessarily demonstrate a consciousness of guilt and that his own statement cannot corroborate his confession. We need not resolve this issue because we conclude that there is enough other corroborating evidence even absent defendant's refusal to submit to an evidentiary breath test.

a logical and reasonable inference that defendant was intoxicated when he was driving his car, and the court did not err in denying the motion for acquittal.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice